GIBSON, DUNN & CRUTCHER LLP
THEODORE J. BOUTROUS, JR., SBN 132099
   tboutrous@gibsondunn.com
RACHEL S. BRASS, SBN 219301
   rbrass@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile:  415.393.8306

EUGENE SCALIA, SBN 151540
   escalia@gibsondunn.com
RYAN STEWART (*pro hac vice*)
   rstewart@gibsondunn.com
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.530.9606

*Attorneys for Defendants*,
   WALMART INC.
   WAL-MART ASSOCIATES, INC.
   WAL-MART.COM USA, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRI HUYNH, | Case No. 3:18-cv-01631-VC |
| Plaintiff, | **DEFENDANTS WALMART INC., WAL-MART ASSOCIATES, INC., AND WAL-MART.COM USA, LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| v. | |
| WAL-MART STORES, INC., a Delaware Corporation; WAL-MART ASSOCIATES, INC., a Delaware Corporation; WAL-MART.COM, INC., a Delaware Corporation; and DOES 1 through 50, inclusive. | |
| Defendants. | |

**ANSWER**

Defendants Walmart Inc., Wal-Mart Associates, Inc., and Wal-Mart.com USA, LLC ("Walmart.com") (collectively "Defendants" or "Walmart"), by and through their undersigned attorneys, hereby respectfully answer the allegations in the First Amended Complaint ("Complaint") of plaintiff Tri Huynh ("Plaintiff") as follows:[1]

**GENERAL DENIAL**

Except as specifically admitted herein, Defendants deny each and every allegation contained in the Complaint, including, without limitation, any allegations contained in the preamble, headings, subheadings or footnotes of the Complaint, and specifically deny any liability to Plaintiff.  Pursuant to Rule 8(d) of the Federal Rules of Civil Procedure, averments in the Complaint to which no responsive pleading is required shall be deemed as denied.  Defendants expressly reserve the right to seek to amend or supplement their Answer as may be necessary.

**ANSWER TO SPECIFIC ALLEGATIONS IN PLAINTIFF'S COMPLAINT**

**ANSWER TO "INTRODUCTION" ALLEGATIONS**

1.      Defendants admit that paragraph 1 of the Complaint quotes the words of Sam Walton, Walmart's founder.  Defendants admit that honesty and integrity are critical components of Walmart's business strategy.  Defendants further admit that Amazon's market capitalization exceeded Walmart's in July 2015 and that the price of Walmart's stock declined in the latter half of 2015.  Defendants admit that senior leadership expected eCommerce to play an increasingly important role across Walmart's business.  Defendants admit that Plaintiff was a Director in Walmart's eCommerce division.  Defendants otherwise deny the allegations in paragraph 1.

**ANSWER TO "JURISDICTION, VENUE AND EXHAUSTION" ALLEGATIONS**

2.      Paragraph 2 of the Complaint contains Plaintiff's jurisdictional allegations, to which no response is required.  To the extent a response is required, Defendants admit that this Court has

---

[1]  Plaintiff has named WAL-MART STORES, INC., a Delaware Corporation; WAL-MART ASSOCIATES, INC., a Delaware Corporation; WAL-MART.COM, INC., a Delaware Corporation; and DOES 1 through 50, inclusive as Defendants.  Wal-Mart Stores, Inc. legally changed its name to Walmart Inc. on February 1, 2018.  The operating entity for Walmart.com is presently Wal-Mart.com USA, LLC.  Wal-Mart.com, Inc. no longer exists.  Accordingly, Walmart Inc., Wal-Mart Associates, Inc., and Wal-Mart.com USA, LLC file this Answer.

jurisdiction over the subject matter of Plaintiff's claims and otherwise deny the allegations in paragraph 2 as they relate to Defendants.

3.      Paragraph 3 of the Complaint contains Plaintiff's jurisdictional allegations, to which no response is required.  To the extent a response is required, Defendants admit that this Court has jurisdiction over the subject matter of Plaintiff's claims and otherwise deny the allegations in paragraph 3 as they relate to Defendants.

4.      Paragraph 4 of the Complaint contains legal assertions regarding venue, to which no response is required.  To the extent a response is required, Defendants admit that Plaintiff worked in Walmart's eCommerce Division in San Bruno, California and otherwise deny the allegations in paragraph 4 as they relate to Defendants.

5.      Paragraph 5 of the Complaint contains legal assertions regarding venue, to which no response is required.  To the extent a response is required, Defendants admit that Plaintiff worked in Walmart's eCommerce Division, in San Bruno, California and otherwise deny the allegations in paragraph 5 as they relate to Defendants.

6.      Defendants deny the allegations in paragraph 6 of the Complaint except to admit that Plaintiff alleges he is due damages.

7.      Paragraph 7 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that Plaintiff filed a complaint with the United States Department of Labor alleging claims under the Sarbanes-Oxley Act, 18 U.S.C. § 1514A.  Defendants further admit that Plaintiff filed charges with the California Department of Fair Employment and Housing and that Plaintiff received a "Right to Sue" notice from that agency. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 and on that basis deny them.

## ANSWER TO "PARTIES" ALLEGATIONS

8.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 8 of the Complaint and on that basis deny it.

9.      Paragraph 9 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that Walmart Inc. and Wal-Mart

Associates, Inc. are Delaware corporations.  Defendants admit that Walmart.com USA, LLC is a California limited liability company.  Defendants admit that Walmart Inc. is a publicly traded company and is the parent company of wholly owned subsidiary Wal-Mart Associates, Inc., and the ultimate parent company of subsidiary Wal-Mart.com USA, LLC, which it does not own directly. Defendants admit that they are subject to requirements set forth in U.S. securities laws.  Defendants deny the remaining allegations in paragraph 9.

10.    Paragraph 10 of the Complaint contains legal conclusions to which no response is required.

11.    Paragraph 11 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 and on that basis deny them.

12.    Paragraph 12 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 and on that basis deny them.

## ANSWER TO "SUBSTANTIVE" ALLEGATIONS

13.    Defendants deny the allegations in paragraph 13 of the Complaint except to admit that for years, Walmart has been the United States' No. 1 retailer.

14.    To the extent the allegations in paragraph 14 of the Complaint do not relate to Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.  To the extent the allegations in paragraph 14 relate to Defendants, Defendants deny them except to admit that Walmart was founded in 1962, was the nation's largest retailer by total revenue by 1990, began expanding internationally into Mexico and Canada in the early- to mid-1990s, and into other continents in the mid- to late-1990s.

15.    Defendants admit the allegations in paragraph 15 of the Complaint.

16.    To the extent the allegations in paragraph 16 of the Complaint do not relate to Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.  To the extent the allegations in paragraph 16 relate to

Defendants, Defendants deny them except to admit that Walmart employed more than 1.6 million associates worldwide in 2005.

17.     Defendants admit that Walmart has long been a large and profitable retailer. Defendants deny the remaining allegations in paragraph 17 of the Complaint.

18.     To the extent the allegations in paragraph 18 of the Complaint do not relate to Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.  To the extent the allegations in paragraph 18 of the Complaint relate to Defendants, Defendants deny them except to admit that Walmart began as a brick-and-mortar retail business and that eCommerce is a growing part of the retail sector.

19.     Defendants admit that the phrase "tortoise-like" appears in the *New York Times* article cited in footnote two of paragraph 19 of the Complaint.  Defendants admit that Walmart's senior leadership expected eCommerce to play an increasingly important role across Walmart's business. Defendants deny the remaining allegations in paragraph 19.

20.     Defendants admit that Walmart's CEO reported during Walmart's Fourth Quarter Fiscal Year 2011 earnings call on February 22, 2011, that he "expect[ed] eCommerce and multi-channel to play an increasingly important role across [Walmart's] business."  Defendants deny the remaining allegations in paragraph 20 of the Complaint.

21.     Defendants deny the allegations in paragraph 21 of the Complaint.

22.     To the extent the allegations in paragraph 22 of the Complaint do not relate to Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.  To the extent the allegations in paragraph 22 relate to Defendants, Defendants deny them except to admit that:  (1) in February 2014, Walmart reported a 5.7% drop in consolidated net income attributable to Walmart (as opposed to noncontrolling interest) and a 3.2% drop in diluted earnings per share from continuing operations (as opposed to discontinued operations) attributable to Walmart for Fiscal Year 2014; (2) Walmart reported its Fiscal Year 2015 results on February 19, 2015; and (3) the price of Walmart's stock dropped approximately 3% from the close of the market on February 18, 2015, to the close of the market on February 19, 2015.

**WALMART'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**          **CASE NO. 3:18-CV-01631-VC**

23.     To the extent the allegations in paragraph 23 of the Complaint do not relate to Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.  To the extent the allegations in paragraph 23 relate to Defendants, Defendants deny them except to admit that Walmart's market capitalization on July 23, 2015, was approximately $233.5 billion.

24.     To the extent the allegations in paragraph 24 of the Complaint do not relate to Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.  To the extent the allegations in paragraph 24 do relate to Defendants, Defendants deny them.

25.     To the extent the allegations in paragraph 25 of the Complaint do not relate to Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.  To the extent the allegations in paragraph 25 relate to Defendants, Defendants deny them except to admit that analysts have reported on Amazon's and Walmart's respective eCommerce performances.

26.     To the extent the allegations in paragraph 26 of the Complaint do not relate to Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.  To the extent the allegations in paragraph 26 do relate to Defendants, Defendants deny them except to admit that Walmart's stock price declined during 2015.

27.     Defendants admit that the price of Walmart's stock declined in late 2015.  Defendants further admit that the price of Walmart's stock dropped 10% on October 14, 2015, which resulted in an approximately $21 billion drop in Walmart's market value.  Defendants also admit that Walmart's stock price was just under $57 per share on November 13, 2015, which was approximately 33% lower than it had been in January 2015.  Defendants deny the remaining allegations in paragraph 27 of the Complaint.

28.     Defendants deny the allegations in paragraph 28 of the Complaint except to admit that Walmart expected eCommerce to play an increasingly important role across Walmart's business.

29.     Defendants deny the allegations in paragraph 29 of the Complaint.

30.     Defendants deny the allegations in paragraph 30 of the Complaint.

1    31.    Defendants deny the allegations in paragraph 31 of the Complaint.

2    32.    Defendants lack knowledge or information sufficient to form a belief as to the truth of

3    the allegations in paragraph 32 of the Complaint and on that basis deny them.

4    33.    Defendants lack knowledge or information sufficient to form a belief as to the truth of

5    the allegations in paragraph 33 of the Complaint and on that basis deny them.

6    34.    Defendants admit that Plaintiff has represented that he has a Bachelor's of

7    Engineering in Electrical Engineering from State University of New York at Stony Brook; a Master

8    of Science in Manufacturing Engineering from Polytechnic Institute of NYU; and a Master of

9    Business Administration from Harvard Business School, with a focus on strategy and finance.

10   Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining

11   allegations in paragraph 34 of the Complaint and on that basis deny them.

12   35.    Defendants admit that Plaintiff has represented that his employment history includes

13   positions with Booz Allen Hamilton, Infosys Technologies, Array Networks, Motif Inc., and Mu

14   Sigma, Inc.  Defendants lack knowledge or information sufficient to form a belief as to the truth of

15   the remaining allegations in paragraph 35 of the Complaint and on that basis deny them.

16   36.    On information and belief, Defendants admit that Plaintiff worked for Amazon in its

17   Marketplace/3P Consumer Electronics Business, and that Plaintiff has represented that in that

18   position he had full profit and loss responsibility for the Merchant Fulfilled and Fulfillment by

19   Amazon businesses.  Defendants lack knowledge or information sufficient to form a belief as to the

20   truth of the remaining allegations in paragraph 36 of the Complaint and on that basis deny them.

21   37.    Defendants admit that Plaintiff's effective date of hire was September 2, 2014, that his

22   job title was Director, Marketplace Business Development and Strategic Partnerships, and that he

23   worked in Walmart's eCommerce division.  Defendants deny the remaining allegations in paragraph

24   37 of the Complaint.

25   38.    Defendants admit that Plaintiff resided in Seattle, Washington when he accepted

26   Walmart's offer of employment and that he commuted weekly between San Bruno and Seattle.

27   Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining

28   allegations in paragraph 38 of the Complaint and on that basis deny them.

39.     Defendants admit the allegations in paragraph 39 of the Complaint, except to the extent that Walmart does not fill and process all first-party orders.

40.     Defendants admit that in Plaintiff's role as Director, Marketplace Business Development and Strategic Partnerships, his duties included recruiting and onboarding third-party sellers and he led a team of business development associates.  Defendants deny the remaining allegations in paragraph 40 of the Complaint.

41.     Defendants admit that on April 3, 2015, Plaintiff was given his Fiscal Year 2015 performance evaluation, in which he received an overall performance rating of Solid Performer and a rating of "Exceeds Expectations" or "Solid Performer" for each category.  Defendants admit that Plaintiff was given his Fiscal Year 2016 annual performance evaluation in March 2016 and that the evaluation included the passages quoted in paragraph 41 of the Complaint.  Defendants admit that in his Fiscal Year 2016 annual performance review, Plaintiff received an overall rating of "Exceeds Expectations," and also received one "Role Model," eight "Exceeds Expectations," and five "Solid Performer" ratings in the individual categories.  Defendants further admit that in or around November 2015, Plaintiff was granted two-hundred thousand dollars in Restricted Stock Options, and that the grant was discretionary.  Defendants further admit that Plaintiff was among those associates[2] who presented to visitors to Walmart's San Bruno offices.  Defendants further admit that Plaintiff was selected by Seth Beal to attend the June 2016 shareholder meeting in Bentonville, although Plaintiff ultimately chose not to attend the meeting.  Defendants deny the remaining allegations in paragraph 41.

42.     Defendants deny the allegations in paragraph 42 of the Complaint.

43.     Paragraph 43 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 43.

44.     Defendants admit that Plaintiff, among others, discussed methods to improve categorization by third-party sellers and by Marketplace of products into product categories.  Defendants admit that Plaintiff submitted a report to Walmart's Global Ethics Office on December

---

[2]  Defendants refer to their employees as "associates."

1   20, 2016, that contained allegations similar to those in paragraph 44 of the Complaint.  Defendants

2   admit that an email Plaintiff sent to Marc Lore and Michael Bender on January 4, 2017, contained

3   allegations similar to those in paragraph 44.  Defendants admit that Plaintiff emailed a report to Jay

4   Jorgensen and Jeff Gearhart on December 20, 2016, that contained allegations similar to those in

5   paragraph 44.  Defendants deny the remaining allegations in paragraph 44.

6       45.     Defendants admit that when a customer purchases a third-party seller's item on

7   Walmart's online Global Marketplace, Walmart charges the third-party seller a commission on the

8   purchase.  Defendants admit that the applicable commission percentage of each category of

9   transaction is set forth in a contract between Walmart and the "third-party" seller.  Defendants admit

10  that Walmart's online Global Marketplace categorizes products sold into a product category based on

11  the seller's own categorization, as well as a machine learning program.  Defendants deny the

12  remaining allegations in paragraph 45 of the Complaint.

13      46.     Defendants admit that Global Marketplace categorizes products as "unrecognized" if

14  the seller or the automated categorization system does not identify a relevant product category.

15  Defendants deny the remaining allegations in paragraph 46 of the Complaint.

16      47.     Defendants admit that during the timeframe relevant to Plaintiff's allegations, the

17  default commission rate on "unrecognized" products was 15%, and the rate for some other product

18  categories was lower.  Defendants admit that electronics and personal computers typically constitute

19  a significant percentage of Walmart's Gross Merchandise Volume ("GMV") and that the

20  commissions Walmart charges third-party sellers on these items tends to be lower than 15%.

21  Defendants admit that an overcharge would have occurred in circumstances where a default 15%

22  commission for unrecognized products was charged for a product that should have been listed in a

23  product category subject to a lower commission rate.  Defendants deny the remaining allegations in

24  paragraph 47 of the Complaint.

25      48.     Paragraph 48 of the Complaint contains legal conclusions to which no response is

26  required.  Defendants admit that paragraph 48 quotes selected portions of 17 C.F.R. §240.13a-15(f).

27  Defendants respectfully refer the Court to the referenced regulations for a full and complete statement

28  of their content.  Defendants deny the remaining allegations in paragraph 48.

49.      Paragraph 49 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that Plaintiff, among others, discussed methods to improve categorization by third-party sellers and by Marketplace of products into product categories.  Defendants also admit that Plaintiff submitted a report to Walmart's Global Ethics Office on December 20, 2016, that contained allegations similar to those in paragraph 49 of the Complaint.  Defendants admit that an email Plaintiff sent to Marc Lore and Michael Bender on January 4, 2017, contained allegations similar to those in paragraph 49.  Defendants further admit that Plaintiff emailed a report to Jay Jorgensen and Jeff Gearhart on December 20, 2016, that contained allegations similar to those in paragraph 44.  Defendants deny the remaining allegations in paragraph 49.

50.      Defendants admit that a summary of a third-party seller interview Walmart conducted in early-2016 (in conjunction with its pilot of Marketplace's new platform) indicated that the seller viewed commission accuracy as a "big issue."  Defendants admit that the summary indicated that the seller claimed it had sixteen open tickets for commission errors in the last sixteen weeks, that the lack of accuracy required the seller to spend a lot of time checking Walmart's reconciliation report, and that only approximately ten percent of the commission errors were being resolved.  Defendants deny the remaining allegations in paragraph 50 of the Complaint.

51.      Defendants admit that in March 2016, a third-party seller reported that Walmart had not processed three thousand refund orders.  Defendants admit that Walmart determined that approximately $7 million in Pangaea returns were incorrectly processed between September 8, 2015, and March 4, 2016, due to a coding issue.  Defendants deny the remaining allegations in paragraph 51 of the Complaint.

52.      Paragraph 52 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that a Walmart eCommerce associate referred to the refund processing issue discussed in paragraph 51 of the Answer as a "colossal issue."  Defendants also admit that in March 2016, an eCommerce associate proposed creating an audit process for Marketplace and asked about the effect the refund processing issue would have on financial reporting.  Defendants deny the remaining allegations in paragraph 52.

53. Defendants admit that Plaintiff, among others, were working together to improve and develop Walmart's Marketplace business. Defendants deny the remaining allegations in paragraph 53 of the Complaint.

54. Defendants admit that Plaintiff was the subject of a 360 Degree Feedback Evaluation in 2016. Defendants deny the remaining allegations in paragraph 54 of the Complaint.

55. Defendants admit that Plaintiff's Fiscal Year 2016 Annual Performance Review included the passages quoted in paragraph 55 of the Complaint, but deny that the allegations in paragraph 55 accurately relay and reflect the full content of that evaluation. Defendants deny the remaining allegations in paragraph 55.

56. On information and belief, Defendants admit that an associate on Plaintiff's team told Plaintiff that the questions asked in connection with Plaintiff's 360 Degree Feedback Review appeared to that associate to be negative. Defendants deny the remaining allegations in paragraph 56 of the Complaint.

57. Defendants admit that in May 2016, Plaintiff told his direct supervisor and a human resources representative that he allegedly suffered from ADHD, by means of a PowerPoint presentation regarding the alleged ADHD, which contained slides regarding Plaintiff's "challenges" and "barrier[s] to Emotional Regulation" and discussed "working toward Tri 3.0." Defendants admit that Plaintiff's supervisor encouraged Plaintiff to improve his performance in the areas of his direct responsibility and told him that his critiques of other components of the business were being appropriately addressed. Defendants deny the remaining allegations in paragraph 57 of the Complaint.

58. Defendants deny the allegations in paragraph 58 of the Complaint.

59. To the extent the allegations in paragraph 59 of the Complaint do not relate to Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them. To the extent the allegations in paragraph 59 relate to Defendants, Defendants admit that Walmart Inc. files consolidated financials for all of its business segments, each of which wrap up to the parent company's financials. Defendants admit that Walmart's eCommerce division is a division of Walmart's global business and that Walmart's

1   eCommerce financial results are reported as part of Walmart's overall operations within its

2   consolidated financials and filings.  Defendants further admit that Walmart does not break down its

3   eCommerce financial results by "first-party" versus "third-party" sales in its public reports.

4   Defendants deny the remaining allegations in paragraph 59.

5       60.     To the extent the allegations in paragraph 60 of the Complaint do not relate to

6   Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth of

7   the allegations and on that basis deny them.  To the extent the allegations in paragraph 60 relate to

8   Defendants, Defendants deny them.

9       61.     Defendants admit that in Walmart's August 18, 2016 second quarter Fiscal Year 2017

10  earnings call, Walmart's Chief Executive Officer Doug McMillon reported that "[s]ince the

11  beginning of the year, [Walmart] had added about 7 million new items to the assortment and today

12  offer approximately 15 million SKUs" on its marketplace.  Defendants admit that 7 million is 46

13  percent of 15 million.  Defendants deny the remaining allegations in paragraph 61 of the Complaint.

14      62.     To the extent the allegations in paragraph 62 of the Complaint do not relate to

15  Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth of

16  the allegations and on that basis deny them.  Defendants admit that a Walmart eCommerce leader

17  sent an email on October 2, 2016, which included an update on Marketplace, stating, in part, "2074

18  sellers (up from 180 at the beginning of the year)" and "We will have 3000+ sellers before the

19  holidays," and "16.5 million unique SKUs (up from 6.2 million at the beginning of the year)."

20  Defendants deny the remaining allegations in paragraph 62.

21      63.     Defendants admit that Marketplace's goal for Fiscal Year 2017 was to onboard 3000

22  new sellers.  Defendants deny the remaining allegations in paragraph 63 of the Complaint.

23      64.     To the extent the allegations in paragraph 64 of the Complaint do not relate to

24  Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth of

25  the allegations and on that basis deny them.  To the extent the allegations in paragraph 64 relate to

26  Defendants, Defendants deny them.

27      65.     Defendants deny the allegations in paragraph 65 of the Complaint.

28

66.     Defendants admit that on October 2, 2016, a senior Walmart eCommerce leader sent an internal email which stated, in part, "2074 sellers (up from 180 at the beginning of the year)" and "16.5 million unique SKUs (up from 6.2 million at the beginning of the year)," and further stated that "[w]e had some headwinds in the last couple of weeks.  We suspended the account of [our third largest seller] due to high cancellation-rate and poor customer service," and "we removed a series of inappropriate items on the site."  Defendants deny the remaining allegations in paragraph 66 of the Complaint.

67.     Defendants admit that a product titled "Tranny Granny" Costume was listed by a third-party seller on Walmart's Marketplace but was subsequently removed.  Defendants also admit that a product titled "Razor Blade Suicide Scar Wound Latex Costume Make Up" was listed by a third-party seller on Walmart's Marketplace but was subsequently removed.  Defendants deny the remaining allegations in paragraph 67 of the Complaint.

68.     Defendants admit that the products identified in paragraph 67 of the Complaint were removed from Walmart's Marketplace.  Defendants also admit that the *Washington Post* reported in an article dated October 24, 2016, that Walmart had said in a statement that "Razor Blade Suicide Scar Wound Latex Costume Makeup" was "appalling and it was unacceptable for a third-party seller to list it on our marketplace" and that it "clearly violated [Walmart's] prohibited items policy."  Defendants deny the remaining allegations in paragraph 68 of the Complaint.

69.     Defendants admit that the products identified in paragraph 69 of the Complaint were listed on Walmart's Marketplace for a period of time and that media outlets reported that these products had been listed.  Defendants deny the remaining allegations in paragraph 69.

70.     Defendants deny the allegations in paragraph 70 of the Complaint.

71.     To the extent the allegations in paragraph 71 of the Complaint do not relate to Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.  To the extent the allegations in paragraph 71 relate to Defendants, Defendants deny them except to admit that adding third-party sellers generally increases the number of SKUs on Walmart's Marketplace and that Walmart aimed to add third-party sellers to its Marketplace platform.

72.     To the extent the allegations in paragraph 72 of the Complaint do not relate to Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.  To the extent the allegations in paragraph 72 relate to Defendants, Defendants deny them except to admit that (1) Plaintiff, among others, discussed ways to improve Seller and customer experience on the Marketplace; and (2) an internal presentation related to Marketplace's quarterly business review ("QBR") for the third quarter of fiscal year 2017 contained the passages quoted in the third bullet point of paragraph 72.

73.     Defendants admit that Plaintiff, among others, discussed improvements to seller and customer experience on Marketplace.  Defendants admit that Plaintiff's supervisor routinely encouraged Plaintiff to improve his performance in the areas of his direct responsibility and told him that his critiques of other components of the business were being appropriately addressed. Defendants deny the remaining allegations in paragraph 73 of the Complaint.

74.     To the extent the allegations in paragraph 74 of the Complaint do not relate to Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.  To the extent the allegations in paragraph 74 relate to Defendants, Defendants deny them.

75.     Defendants admit that Walmart acquired Jet.com in or around September 2016 for approximately $3 billion in cash, a portion of which would be paid over time, subject to certain conditions, and $300 million in Walmart shares, all of which would be paid over time, subject to certain conditions.  Defendants admit that after Walmart acquired Jet.com, the eCommerce department was reorganized to integrate certain aspects of the eCommerce team and the Jet.com team.  Defendants admit that after Walmart acquired Jet.com, Marc Lore became President and Chief Executive Officer of Walmart eCommerce U.S.  Defendants admit that an email Plaintiff's supervisor sent on October 14, 2016, contained the passages quoted in paragraph 75 of the Complaint, but deny that the allegations in paragraph 75 accurately relay and reflect the content of that email.  Defendants deny the remaining allegations in paragraph 75.

76.     Defendants deny the allegations in paragraph 76 of the Complaint.

77.     Defendants admit that in October 2016, Walmart Human Resources representatives investigated allegations that Plaintiff had engaged in multiple types of misconduct at a trade show. Defendants admit that Plaintiff was interviewed in connection with this investigation, and that the findings of this investigation included, in part, a determination that Plaintiff had inappropriately grabbed a female associate from behind and had given an unauthorized press interview in which Plaintiff revealed confidential information concerning Walmart's Marketplace.  Defendants admit that as a result of this investigation, Plaintiff was given a Written Warning (Coaching), dated November 17, 2016, which stated in part that several incidents at the trade show "ultimately put into question [Plaintiff's] ability to exercise good judgment" and that "the documented behaviors and comments were inconsistent with [his] responsibilities as the leader of the Marketplace Business Development Team."  Defendants admit that Plaintiff's direct supervisor and Walmart's Human Resource Department worked together to determine the appropriate disciplinary action.  Defendants admit that Walmart.com's Coaching for Improvement policy generally required documentation of Written Warnings to be maintained in the associate's personnel file for a period of 12 months. Defendants deny the remaining allegations in paragraph 77 of the Complaint.

78.     Defendants admit that as a result of Plaintiff's Written Warning, Plaintiff was required to attend a leadership training course entitled "Develop Your Emotional Intelligence."  Defendants deny the remaining allegations in paragraph 78 of the Complaint.

79.     Paragraph 79 of the Complaint contains legal conclusions to which no response is required.  To the extent the allegations in paragraph 79 do not relate to Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.  To the extent the allegations in paragraph 79 relate to Defendants and require a response, Defendants deny them except to admit that Plaintiff shared with his direct supervisor and a human resources representative a PowerPoint presentation regarding Plaintiff's alleged ADHD, which included information regarding "emotional regulation" and "emotional impulsiveness."

80.     Defendants admit that as a result of Plaintiff's misconduct at a trade show he was required to attend a training course entitled "Develop Your Emotional Intelligence" in order to

Gibson, Dunn & Crutcher LLP

**WALMART'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**               **CASE NO. 3:18-CV-01631-VC**

strengthen his leadership capabilities.  Defendants deny the remaining allegations in paragraph 80 of the Complaint.

81.   Paragraph 81 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that after Plaintiff was issued a Written Warning in November 2016, he discussed with a human resources representative what he believed to be retaliation and discrimination based on his disability.  Defendants deny the remaining allegations in paragraph 81 of the Complaint.

82.   To the extent the allegations in paragraph 82 of the Complaint do not relate to Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.  To the extent the allegations in paragraph 82 relate to Defendants, Defendants deny them.

83.   Defendants admit that in an email dated December 6, 2016, a third-party seller notified Plaintiff that the seller had noticed six instances in which Walmart had incorrectly merged product listings, and that the email from the third-party seller contained the passages quoted in paragraph 83 of the Complaint.  Defendants deny the remaining allegations in paragraph 83.

84.   Defendants admit that an email Plaintiff received on December 6, 2016 from a third-party seller contained the passages quoted in paragraph 84 of the Complaint.  Defendants deny the remaining allegations in paragraph 84.

85.   Defendants admit that in mid-December 2016, Walmart received reports from sellers regarding inaccurate payments.  Defendants admit that in an email dated December 15, 2016, a Walmart associate in the eCommerce division stated that Walmart's payments to sellers that week were "the largest we've seen."  Defendants admit that the email further stated that Walmart's "systems failed under that much load," and described the payment system as "being unreliable," but indicated that no sellers would be paid late as a result of the problem.

86.   Defendants admit that the Fiscal Year 2018 Plan's Marketplace seller growth target was to achieve 20,000 total live sellers in Fiscal Year 2018.  Defendants deny the remaining allegations in paragraph 86 of the Complaint.

**WALMART'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**            **CASE NO. 3:18-CV-01631-VC**

87.     Defendants admit that the transcript for Walmart's Third Quarter Fiscal Year 2017 Earnings Call contains the passages quoted in paragraph 87 of the Complaint, but deny that they accurately relay and reflect the full content of the Earnings Call transcript.  Defendants deny the remaining allegations in paragraph 87.

88.     Defendants admit that an internal presentation related to a November 2016 Marketplace monthly business review contained the passages quoted in paragraph 88 of the Complaint.  Defendants deny the remaining allegations in paragraph 88.

89.     Defendants admit that paragraph 89 of the Complaint quotes a portion of Walmart's Fiscal Year 2017 Annual Report but deny that the allegations in paragraph 89 accurately relay and reflect the full content of that Report.  Defendants deny the remaining allegations in paragraph 89.

90.     Defendants admit that the mugs described in paragraph 90 of the Complaint were listed by a third-party seller on Walmart's Marketplace but were subsequently removed.  Defendants deny the remaining allegations in Paragraph 90.

91.     Paragraph 91 of the Complaint contains legal conclusions to which no response is required.  To the extent the allegations in paragraph 91 do not relate to Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.  To the extent the allegations in paragraph 91 relate to Defendants and require a response, Defendants deny them except to admit that: (1) Walmart executives have publicly commented on the increased number of products available on Walmart.com and the organic nature of Walmart.com's growth; (2) Walmart's stock price generally went up from November 2015 through January 2018; (3) Walmart's stock price reached a record high of over $109 per share in late-January 2018; and (4) paragraph 91 quotes various articles published in February 2018.

92.     Defendants deny the allegations in paragraph 92 of the Complaint.

93.     Defendants admit that Plaintiff submitted a report to Walmart's Global Ethics Office on December 20, 2016.  Defendants admit this report states in part "Marketplace Business and Walmart Labs leadership team members have been manipulating various operating levers to portray an inaccurate picture of the state of Walmart Marketplace business to Walmart's Senior Leaders."

**WALMART'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**          **CASE NO. 3:18-CV-01631-VC**

1    Defendants further admit this report also stated this might "negatively impact Walmart in the long

2    run." Defendants deny the remaining allegations in Paragraph 93 of the Complaint.

3        94.    Defendants admit that Plaintiff attached a PowerPoint presentation to a report he

4    submitted to Walmart's Global Ethics Office on December 20, 2016, and that this PowerPoint

5    presentation contained allegations similar to those in paragraph 94 of the Complaint. Defendants

6    admit that this PowerPoint presentation addressed a seller about which Plaintiff had sent an email on

7    November 24, 2014. Defendants deny the remaining allegations in paragraph 94.

8        95.    Defendants admit that a PowerPoint presentation attached to a report Plaintiff

9    submitted to Walmart's Global Ethics Office on December 20, 2016, included the passages quoted in

10   paragraph 95 of the Complaint. Defendants deny the remaining allegations in paragraph 95.

11       96.    Defendants admit that Plaintiff submitted a report to Walmart's Global Ethics Office

12   on December 20, 2016 that included the passages quoted in paragraph 96 of the Complaint.

13   Defendants deny the remaining allegations in paragraph 96.

14       97.    Defendants admit that Plaintiff supplemented his December 20, 2016 report to

15   Walmart's Global Ethics Office. Defendants deny the remaining allegations of paragraph 97 of the

16   Complaint.

17       98.    Defendants admit that on January 4, 2017, at 8:00 a.m., Plaintiff sent Marc Lore and

18   Michael Bender an email attached to which was a PowerPoint presentation that contained some of the

19   allegations included in the report Plaintiff submitted to Walmart's Global Ethics Office on December

20   20, 2016. Defendants deny the remaining allegations in paragraph 98 of the Complaint.

21       99.    Defendants admit that an email Plaintiff sent to Marc Lore and Michael Bender on

22   January 4, 2017, included the passages quoted in paragraph 99 of the Complaint. Defendants deny

23   the remaining allegations in paragraph 99.

24       100.   Defendants admit that an email Plaintiff sent to Marc Lore and Michael Bender on

25   January 4, 2017, included the passages quoted in paragraph 100 of the Complaint. Defendants deny

26   the remaining allegations in paragraph 100.

27

28

Gibson, Dunn &
Crutcher LLP

**WALMART'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**          **CASE NO. 3:18-CV-01631-VC**

101.    Defendants admit that an email Plaintiff sent to Marc Lore and Michael Bender on January 4, 2017, included the passages quoted in paragraph 101 of the Complaint.  Defendants deny the remaining allegations in paragraph 101.

102.    Defendants admit that an email Plaintiff sent to Marc Lore and Michael Bender on January 4, 2017, included the passages quoted in paragraph 102 of the Complaint, except that Plaintiff's email uses the word "risks" not "risk."  Defendants deny the remaining allegations in paragraph 102.

103.    Defendants admit that on January 4, 2017, Plaintiff sent Marc Lore and Michael Bender an email attached to which was a forty-two (42) page PowerPoint presentation.  Defendants deny the remaining allegations in paragraph 103 of the Complaint.

104.    Defendants admit the allegations in paragraph 104 of the Complaint.

105.    To the extent the allegations in paragraph 105 of the Complaint do not relate to Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.  To the extent the allegations in paragraph 105 relate to Defendants, Defendants deny them.

106.    To the extent the allegations in paragraph 106 of the Complaint do not relate to Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.  To the extent the allegations in paragraph 105 relate to Defendants, Defendants deny them.

107.    Defendants admit the allegations in paragraph 107 of the Complaint.

108.    Defendants admit that on January 10, 2017, Plaintiff supplemented his December 20, 2016 Global Ethics report with the following statement:  "I am following up to check on the latest status regarding my case."  Defendants deny the remaining allegations in paragraph 108 of the Complaint.

109.    Defendants admit that Plaintiff was told on January 10, 2017, that his employment with Walmart was being terminated.  Defendants further admit that Mr. Huynh was told he was being terminated because of performance issues and a company reorganization and restructuring.  Defendants deny the remaining allegations in paragraph 109 of the Complaint.

110.    Defendants admit that Plaintiff was told on January 10, 2017, that his employment with Walmart was being terminated.  Defendants admit that Plaintiff was included on a list of "17 Leaders to Watch in 2017," which was published by RetailLeader.com on January 9, 2017. Defendants deny the remaining allegations in paragraph 110 of the Complaint.

111.    Defendants admit that on January 4, 2017, Plaintiff sent Marc Lore and Michael Bender an email attached to which was a PowerPoint presentation containing some allegations not included in the report Plaintiff submitted to Walmart's Global Ethics Office on December 20, 2016. Defendants deny the remaining allegations in paragraph 111.

112.    To the extent the allegations in paragraph 112 of the Complaint relate to Plaintiff's understanding, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.  Defendants deny the allegations in paragraph 112.

113.    Defendants admit that Plaintiff received approximately ninety percent of the discretionary incentive bonus for which he was eligible in fiscal year 2017 and that his performance problems factored into this result.  Defendants deny the remaining allegations in paragraph 113 of the Complaint.

114.    Defendants admit that on January 13, 2017, Plaintiff supplemented his December 20, 2016 report to Walmart's Global Ethics Office with the passages quoted in paragraph 114 of the Complaint.  Defendants deny the remaining allegations in paragraph 114.

115.    Defendants admit that on January 28, 2017, Plaintiff supplemented his December 20, 2016 Global Ethics report with the passages quoted in paragraph 115 of the Complaint.  Defendants deny the remaining allegations in paragraph 115.

116.    Defendants admit the allegations in paragraph 116 of the Complaint.

117.    Defendants admit that Walmart's Global Ethics Office was formed to promote Walmart's ethical culture to all of its stakeholders around the globe.  Defendants deny the remaining allegations in paragraph 117 of the Complaint.

118.    Defendants deny the allegations in paragraph 118 of the Complaint.

119.    Defendants admit that in an article published on April 21, 2012, the *New York Times* reported that Walmart "turned to Willkie Farr & Gallagher, a law firm with extensive experience in

1  Foreign Corrupt Practices Act cases" in connection with an investigation into possible violations of

2  the Foreign Corrupt Practices Act.  Defendants admit that this same *New York Times* article reported

3  that Walmart's lead investigator stated, "There is reasonable suspicion to believe that Mexican and

4  USA laws have been violated."  Details relating to the Company's conduct of and decisions regarding

5  the investigation referenced in paragraph 119 of the Complaint are subject to protections of the

6  attorney-client privilege and attorney work-product doctrines.  Walmart has asserted, and continues

7  to assert, its privileges with respect to qualifying communications and other documents relating to the

8  referenced investigation.  Defendants cannot respond to the remaining allegations in paragraph 119,

9  as response would require revealing such privileged and work-product protected information.  To the

10  extent a further response is required, Defendants deny the allegations in paragraph 119.

11      120.    Defendants admit that the Vice President and General Counsel for Wal-Mart

12  International sent an email containing the passage "[t]he wisdom of assigning any investigative role

13  to management of the business unit being investigated escapes me."  Defendants admit that the Vice

14  President and General Counsel of Wal-Mart International resigned in 2006.  With respect to the

15  remaining allegations in paragraph 120 of the Complaint, details relating to the Company's conduct

16  of and decisions regarding the investigation referenced in paragraph 120 are subject to protections of

17  the attorney-client privilege and work-product doctrines.  Walmart has asserted, and continues to

18  assert, its privileges with respect to qualifying communications and other documents relating to the

19  referenced investigation.  Defendants cannot respond to the allegations in paragraph 120, as response

20  would require revealing such privileged and work-product protected information.  To the extent a

21  further response is required, Defendants deny the remaining allegations in paragraph 120.

22      121.    Details relating to the Company's conduct of and decisions regarding the investigation

23  referenced in paragraph 121 of the Complaint are subject to protections of the attorney-client

24  privilege and work-product doctrines.  Walmart has asserted, and continues to assert, its privileges

25  with respect to qualifying communications and other documents relating to the referenced

26  investigation.  Defendants cannot respond to the allegations in paragraph 121, as response would

27  require revealing such privileged and work-product protected information.  To the extent a further

28  response is required, Defendants deny the allegations in paragraph 121.

**WALMART'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**            **CASE NO. 3:18-CV-01631-VC**

122.   Details relating to the Company's conduct of and decisions regarding the investigation referenced in paragraph 122 of the Complaint are subject to protections of the attorney-client privilege and work-product doctrines.  Walmart has asserted, and continues to assert, its privileges with respect to qualifying communications and other documents relating to the referenced investigation.  Defendants cannot respond to the allegations in paragraph 122, as response would require revealing such privileged and work-product protected information.  To the extent a further response is required, Defendants deny the allegations in paragraph 122, except to admit that Walmart has made a significant investment to enhance its compliance structure and that Walmart reported in its 2018 Form 10-K that "the Company can now reasonably estimate a probable loss and has recorded an aggregate accrual of $283 million with respect to" investigations by the Department of Justice and the Securities and Exchange Commission regarding possible violations of the Foreign Corrupt Practices Act.

123.   Defendants admit that Jay Jorgensen is Executive Vice President and Chief Ethics and Compliance Officer for Walmart, and that he has played a role in enhancing Walmart's compliance program.  Defendants admit that the passages quoted in paragraph 123 of the Complaint was included in remarks Jorgensen was reported to have made, but deny that the allegations in paragraph 123 accurately relay and reflect the content of Jorgensen's reported remarks.  Defendants deny the remaining allegations in paragraph 123.

124.   Defendants deny the allegations in paragraph 124 of the Complaint.

125.   Defendants admit that Plaintiff submitted a report to Walmart's Global Ethics Office on December 20, 2016, and emailed the same report to Jay Jorgensen.  Defendants deny the remaining allegations in Paragraph 125 of the Complaint.

126.   To the extent the allegations in paragraph 126 of the Complaint do not relate to Defendants, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.  To the extent the allegations in paragraph 126 relate to Defendants, Defendants deny them.

127.   Defendants deny the allegations in paragraph 127 of the Complaint.

128.   Defendants deny the allegations in paragraph 128 of the Complaint.

1               **ANSWER TO "FIRST CLAIM FOR RELIEF" ALLEGATIONS**

2           129.    Defendants incorporate and reallege each and every response set forth in paragraphs 1

3 through 128 of their Answer as though set forth here in full.

4           130.    Paragraph 130 of the Complaint contains legal conclusions to which no response is

5 required.  To the extent a response is required, Defendants admit the allegations in paragraph 130.

6           131.    Defendants deny the allegations in paragraph 131 of the Complaint.

7           132.    Defendants deny the allegations in paragraph 132 of the Complaint.

8           133.    Defendants admit that Plaintiff filed a lawsuit seeking damages under the Sarbanes-

9 Oxley Act of 2002.  Defendants deny the remaining allegations in paragraph 133 of the Complaint.

10          134.    Defendants lack knowledge or information sufficient to form a belief as to the truth of

11 the allegations in paragraph 134 of the Complaint and on that basis deny them, except to admit that

12 Plaintiff is seeking to recover attorneys' fees and costs in connection with his first cause of action.

13          **ANSWER TO "SECOND CLAIM FOR RELIEF" ALLEGATIONS**

14          135.    Defendants incorporate and reallege each and every response set forth in paragraphs 1

15 through 134 of their Answer as though set forth here in full.

16          136.    Defendants deny the allegations in paragraph 136 of the Complaint.

17          137.    Defendants deny the allegations in paragraph 137 of the Complaint.

18          138.    Defendants admit that Plaintiff received a Written Warning on November 17, 2016,

19 and that his employment with Walmart was terminated.  Defendants deny the remaining allegations

20 in paragraph 138 of the Complaint.

21          139.    Defendants deny the allegations in paragraph 139 of the Complaint.

22          140.    Defendants deny the allegations in paragraph 140 of the Complaint except to admit

23 that Plaintiff is requesting an award of punitive damages in connection with his second cause of

24 action.

25          **ANSWER TO "THIRD CLAIM FOR RELIEF" ALLEGATIONS**

26          141.    Defendants incorporate and reallege each and every response set forth in paragraphs 1

27 through 140 of their Answer as though set forth here in full.

28

142.     Paragraph 142 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 142.

143.     Paragraph 143 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 143 except to admit that Plaintiff told several Walmart associates that he has been treated for Attention Deficit Hyperactivity Disorder ("ADHD").

144.     Paragraph 144 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 144.

145.     Paragraph 145 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 145 except to admit that Plaintiff told several Walmart associates that he has been treated for ADHD.

146.     Defendants admit that Plaintiff received a Written Warning on November 17, 2016, and that his employment with Walmart was terminated.  Defendants deny the remaining allegations in paragraph 146 of the Complaint.

147.     Defendants deny the allegations in paragraph 147 of the Complaint.

148.     Defendants deny the allegations in paragraph 148 of the Complaint.

149.     Defendants deny the allegations in paragraph 149 of the Complaint except to admit that Plaintiff requests an award of punitive damages in connection with his third cause of action.

150.     Defendants deny the allegations in paragraph 150 of the Complaint except to admit that Plaintiff is seeking attorneys' fees in connection with his third cause of action.

151.     Defendants admit the allegations in paragraph 151 of the Complaint.

**ANSWER TO "FOURTH CLAIM FOR RELIEF" ALLEGATIONS**

152.     Defendants incorporate and reallege each and every response set forth in paragraphs 1 through 151 of their Answer as though set forth here in full.

153.     Paragraph 153 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 153.

154.     Paragraph 154 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 154 except to admit that Plaintiff told several Walmart associates that he has been treated for ADHD.

155.     Paragraph 155 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 155.

156.     Paragraph 156 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 156 except to admit that Plaintiff told several Walmart associates that he has been treated for ADHD.

157.     Defendants deny the allegations in paragraph 157 of the Complaint.

158.     Defendants deny the allegations in paragraph 158 of the Complaint.

159.     Defendants deny the allegations in paragraph 159 of the Complaint.

160.     Defendants deny the allegations in paragraph 160 of the Complaint except to admit that Plaintiff requests an award of punitive damages in connection with his fourth cause of action.

161.     Defendants deny the allegations in paragraph 161 of the Complaint except to admit that Plaintiff is seeking to recover attorneys' fees in connection with his fourth cause of action.

## ANSWER TO "FIFTH CLAIM FOR RELIEF" ALLEGATIONS

162.     Defendants incorporate and reallege each and every response set forth in paragraphs 1 through 161 of their Answer as though set forth here in full.

163.     Paragraph 163 of the Complaint contains legal conclusions to which no response is required.  To the extent a further response is required, Defendants deny the allegations in paragraph 163.

164.     Paragraph 164 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 164 except to admit that Plaintiff told several Walmart associates that he has been treated for ADHD.

165.     Paragraph 165 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 165.

166.     Paragraph 166 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 166.

167. Defendants deny the allegations in paragraph 167 of the Complaint.

168. Defendants deny the allegations in paragraph 168 of the Complaint.

169. Defendants deny the allegations in paragraph 169 of the Complaint.

170. Defendants deny the allegations in paragraph 170 of the Complaint except to admit that Plaintiff requests an award of punitive damages in connection with his fifth cause of action.

171. Defendants deny the allegations in paragraph 171 of the Complaint except to admit that Plaintiff is seeking to recover attorneys' fees in connection with his fifth cause of action.

## ANSWER TO "SIXTH CLAIM FOR RELIEF" ALLEGATIONS

172. Defendants incorporate and reallege each and every response set forth in paragraphs 1 through 171 of their Answer as though set forth here in full.

173. Paragraph 173 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 173.

174. Paragraph 174 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 174 except to admit that Plaintiff told several Walmart associates that he has been treated for ADHD.

175. Defendants admit that Walmart terminated Plaintiff's employment was terminated. Defendants deny the remaining allegations in paragraph 175 of the Complaint.

176. Defendants deny the allegations in paragraph 176 of the Complaint.

177. Defendants deny the allegations in paragraph 177 of the Complaint.

178. Defendants deny the allegations in paragraph 178 of the Complaint.

179. Defendants deny the allegations in paragraph 179 of the Complaint except to admit that Plaintiff requests an award of punitive damages in connection with his sixth cause of action.

180. Defendants deny the allegations in paragraph 180 of the Complaint except to admit that Plaintiff is seeking attorneys' fees in connection with his sixth cause of action.

181. Defendants admit the allegations in paragraph 181 of the Complaint.

1

**ANSWER TO "SEVENTH CLAIM FOR RELIEF" ALLEGATIONS**

2    181.    Defendants incorporate and reallege each and every response set forth in the preceding

3    paragraphs of their Answer as though set forth here in full.[3]

4    182.    Defendants deny the allegations in paragraph 182 of the Complaint.

5    183.    Defendants deny the allegations in paragraph 183 of the Complaint.

6    184.    Defendants deny the allegations in paragraph 184 of the Complaint.

7    185.    Defendants deny the allegations in paragraph 185 of the Complaint.

8    186.    Defendants deny the allegations in paragraph 186 of the Complaint.

9    187.    Defendants deny the allegations in paragraph 187 of the Complaint except to admit

10   that Plaintiff requests an assessment of punitive damages in connection with his seventh cause of

11   action.

12   188.    Defendants deny the allegations in paragraph 188 of the Complaint except to admit

13   that Plaintiff is seeking to recover attorneys' fees in connection with his seventh cause of action.

14   **ANSWER TO "EIGHTH CLAIM FOR RELIEF" ALLEGATIONS**

15   189.    Defendants incorporate and reallege each and every response set forth in paragraphs 1

16   through 188 of their Answer as though set forth here in full.

17   190.    Defendants deny the allegations in paragraph 190 of the Complaint.

18   191.    Paragraph 191 of the Complaint contains legal conclusions to which no response is

19   required.  To the extent a response is required, Defendants deny the allegations in paragraph 191.

20   192.    Defendants deny the allegations in paragraph 192 of the Complaint.

21   193.    Defendants deny the allegations in paragraph 193 of the Complaint.

22   194.    Defendants deny the allegations in paragraph 194 of the Complaint except to admit

23   that Plaintiff requests punitive damages in connection with his eighth cause of action.

24   **ANSWER TO "NINTH CLAIM FOR RELIEF" ALLEGATIONS**

25   195.    Defendants incorporate and reallege each and every response set forth in paragraphs 1

26   through 194 of their Answer as though set forth here in full.

27   _____

28   [3]  The Complaint contains two paragraphs numbered "181."  Accordingly, Defendants' Answer
     contains two corresponding paragraphs numbered "181."

196.    Paragraph 196 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 196.

197.    Paragraph 197 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 197.

198.    Defendants deny the allegations in paragraph 198 of the Complaint.

199.    Defendants admit that Plaintiff seeks assessment and collection of civil penalties under the California Labor Code Private Attorneys General Act of 2004, Labor Code § 2698 *et seq.* Defendants deny the remaining allegations in paragraph 199 of the Complaint.

<u>**ANSWER TO PRAYER FOR RELIEF**</u>

Defendants deny that Plaintiff is entitled to relief against Defendants, and request that the Court dismiss all claims against Defendants with prejudice and order such further relief as the Court deems just and proper.

<u>**DEFENSES**</u>

Without assuming any burden of proof, persuasion, or production not otherwise legally assigned to them as to any element of Plaintiff's claims, Defendants assert the following defenses:

<u>**FIRST DEFENSE**</u>

Plaintiff's Complaint, and each of Plaintiff's purported claims for relief set forth therein, fails to state a claim upon which relief can be granted.

<u>**SECOND DEFENSE**</u>

One or more of Plaintiff's claims herein are barred by the applicable federal and state statutes of limitations.

<u>**THIRD DEFENSE**</u>

Plaintiff's Complaint, and each and every purported cause of action alleged therein against Defendants, is barred in whole or in part by his own inequitable conduct and unclean hands.

<u>**FOURTH DEFENSE**</u>

Plaintiff's claims against the Defendants are barred in whole or in part by laches, equitable estoppel, waiver, or other related equitable doctrines.

Gibson, Dunn & Crutcher LLP

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### FIFTH DEFENSE

Plaintiff's Complaint, and each cause of action therein, is barred by Plaintiff's failure to initiate and/or exhaust available administrative.

### SIXTH DEFENSE

Plaintiff's purported causes of action for statutory claims of discrimination, retaliation, failure to accommodate, failure to prevent discrimination and/or retaliation, and failure to engage in the interactive process are barred to the extent that the allegations therein are not substantially identical to the claims in the administrative complaint(s) Plaintiff filed with the Department of Fair Employment and Housing ("DFEH").

### SEVENTH DEFENSE

To the extent that Plaintiff's purported causes of action for statutory claims of discrimination, retaliation, failure to accommodate, failure to prevent discrimination and/or retaliation, and failure to engage in the interactive process encompass allegations or claims with respect to a time period more than one year prior to the date on which he allegedly filed the DFEH complaint(s) upon which he purports to rely herein, the allegations and claims are untimely, and the Court lacks jurisdiction with respect to any such allegations or claims.  Cal. Gov't. Code §§ 12900, *et seq*.

### EIGHTH DEFENSE

Defendants had good reason and sufficient cause to undertake all alleged actions (to the extent such actions occurred), including to terminate Plaintiff's employment, to issue Plaintiff a written warning (coaching), and to issue any and all other formal or informal coachings.

### NINTH DEFENSE

The termination of Plaintiff's employment did not violate a fundamental public policy of the State of California.  All actions taken by Defendants with respect to Plaintiff's employment were based upon legitimate, nondiscriminatory factors unrelated to Plaintiff's alleged disability and free from unlawful harassment and/or retaliation.

### TENTH DEFENSE

Plaintiff did not undertake any protected activity.

1

**ELEVENTH DEFENSE**

2
Plaintiff would have been separated from employment even in the absence of any purported

3
protected activity.

4

**TWELFTH DEFENSE**

5
Any action taken by Defendants with regard to Plaintiff was justified by legitimate, non-

6
retaliatory reasons unrelated to any alleged purported protected activity.

7

**THIRTEENTH DEFENSE**

8
Even if Plaintiff's employment was improperly terminated (which Defendants expressly

9
deny) subsequent evidence of wrongdoing by Plaintiff provides nondiscriminatory justification for

10
his termination.

11

**FOURTEENTH DEFENSE**

12
Plaintiff's claims for disability discrimination and retaliation are barred in that at no time did

13
Defendants make any employment decisions affecting Plaintiff which were unlawful or

14
discriminatory, or based on Plaintiff's alleged disability, or which were motivated by an intent to

15
discriminate on any basis, nor did any conduct of Defendants result from any employment practice

16
having a discriminatory object or impact.  Defendants' actions were based on business reasons

17
unrelated to Plaintiff's alleged disability.

18

**FIFTEENTH DEFENSE**

19
Plaintiff fails to state a claim upon which relief can be granted in that he does not have an

20
impairment that substantially limits any major life activity.

21

**SIXTEENTH DEFENSE**

22
Plaintiff's claims for disability discrimination are barred because he could not perform the

23
essential functions of his job with or without reasonable accommodation.

24

**SEVENTEENTH DEFENSE**

25
Plaintiff's claims for disability discrimination are barred due to Plaintiff's failure to

26
participate in the interactive process.

27

28

1

## EIGHTEENTH DEFENSE

2      Plaintiff's claim for failure to engage in a good faith interactive process is barred due to

3 Plaintiff's failure to participate in the interactive process.

## NINETEENTH DEFENSE

4

5      Plaintiff's Complaint, and each purported cause of action therein, is barred in that Plaintiff's

6 alleged physical disabilities were reasonably accommodated and/or no reasonable accommodation

7 was possible that would allow him to perform the essential job functions of his position.

## TWENTIETH DEFENSE

8

9      Plaintiff's Complaint, and each purported cause of action therein, is barred in that Defendants

10 are privileged to exercise their business judgement with regard to the determination of how to

11 reasonably accommodate associates with disabilities, and any potential accommodation not provided

12 would not have been reasonable and would have imposed an undue hardship on the operation of

13 Defendants' businesses.

## TWENTY-FIRST DEFENSE

14

15      Plaintiff has been paid all amounts to which he is entitled and has not been damaged in the

16 sums or manner alleged, or in any sum or manner, or at all.

## TWENTY-SECOND DEFENSE

17

18      Defendants are informed and believe, and on that basis, allege that Plaintiff has failed to

19 reasonably mitigate alleged damages and this failure to mitigate bars recovery of damages.

## TWENTY-THIRD DEFENSE

20

21      Plaintiff's entitlement to damages, if any, is offset by Plaintiff's own contributory fault.

## TWENTY-FOURTH DEFENSE

22

23      Plaintiff is not entitled to equitable relief because he has not suffered injury or harm and will

24 not suffer imminent and irreparable injury or harm as a result of any action or conduct by Defendants.

## TWENTY-FIFTH DEFENSE

25

26      Plaintiff is not entitled to prejudgment interest in this matter because he is not entitled to

27 recover any damages giving rise to such interest or any damages at all.  Cal. Civ. Code § 3287.

28

1

### TWENTY-SIXTH DEFENSE

2    Plaintiff's demand for exemplary and/or punitive damages is barred in whole or in part by

3    California Civil Code § 3294.

4

### TWENTY-SEVENTH DEFENSE

5    Plaintiff's claims for damages for emotional distress and/or for physical injury, and all of his

6    purported claims for relief, are preempted and/or barred by the exclusive jurisdiction and remedy

7    provisions of the California Workers' Compensation Act, California Labor Code § 3200 *et seq.*

8

### TWENTY-EIGHTH DEFENSE

9    Defendants are informed and believe, and on that basis allege, that Plaintiff's claims are

10    barred or must be reduced because any alleged emotional distress, anguish, pain or suffering by

11    Plaintiff was due to problems or causes unrelated to the events alleged in the Complaint.

12

### TWENTY-NINTH DEFENSE

13    The imposition of punitive or exemplary damages in this case would violate Defendants'

14    constitutional rights, including but not limited to Defendants' rights to substantive and procedural due

15    process under the Fifth and Fourteenth Amendments to the Constitution of the United States, would

16    violate Defendants' right to protection from excessive fines under the Eighth Amendment to the

17    Constitution of the United States, and would violate the public policy, law, and Constitution of the

18    state of California, including Article 1, Section 17.  And, also on this basis, the Complaint therefore

19    fails to state a cause of action supporting the exemplary and/or punitive damages claimed.

20

### THIRTIETH DEFENSE

21    The relief Plaintiff seeks—including compensatory damages, punitive damages, attorneys'

22    fees and expenses—is grossly excessive, inequitable, punitive, duplicative, and arbitrary so as to

23    violate the Due Process Clause of the Fifth and Fourteenth Amendments and the Eighth Amendment

24    of the United States Constitution.

25

### THIRTY-FIRST DEFENSE

26    Defendants have not completed their full investigation of the facts of this case, have not

27    completed discovery in this matter, and have not completed their preparation for trial.  The defenses

28    asserted herein are based on Defendants' knowledge, information, and belief at this time.  By

asserting the defenses herein Defendants have not knowingly and intentionally waived any applicable defenses and hereby expressly reserve the right to assert any additional defenses, cross-claims, and/or third-party claims as may be appropriate at a later time.

\*     \*     \*

WHEREFORE, Defendants pray for judgment against Plaintiff as follows:

1.     That Plaintiff takes nothing by this action;

2.     That judgment be entered in favor of Defendants and against Plaintiff, and that this action be dismissed in its entirety;

3.     For costs incurred in defending this action;

4.     For reasonable attorneys' fees incurred in defending this action; and

5.     For such other and further relief as the court may deem just and proper.

June 1, 2018                                        GIBSON, DUNN & CRUTCHER

By:   / s / *Rachel S. Brass*
          Theodore J. Boutrous, Jr., SBN 132099
            tboutrous@gibsondunn.com
          Rachel S. Brass, SBN 219301
            rbrass@gibsondunn.com
          555 Mission Street, Suite 3000
          San Francisco, CA 94105-0921
          Telephone:     415.393.8200
          Facsimile:     415.393.8306

          Eugene Scalia, SBN 151540
            escalia@gibsondunn.com
          Ryan Stewart (*pro hac vice*)
            rstewart@gibsondunn.com
          Gibson, Dunn & Crutcher LLP
          1050 Connecticut Avenue, N.W.
          Washington, DC 20036-5306
          Telephone:     202.955.8500
          Facsimile:     202.530.9606

          *Attorneys for Defendants*,
            WALMART INC.
            WAL-MART ASSOCIATES, INC.
            WAL-MART.COM USA, LLC