Tri Huynh
4015 134th Ave SE
Bellevue, WA 98006
Telephone: (408) 757-5516
Email: trimhuynh@outlook.com
**PLAINTIFF ACTING PRO SE**

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRI HUYNH,<br><br>Plaintiff(s),<br><br>vs.<br><br>WAL-MART STORES, INC., a Delaware Corporation; WAL-MART ASSOCIATES, INC., a Delaware Corporation; WAL-MART.COM, INC., a Delaware Corporation; and DOES 1 through 50, inclusive.<br><br>Defendant(s). | Case No. 3:18-cv-01631-VC<br><br>**NOTICE OF MOTION AND MOTION FOR ORDER TO ALTER THE JUDGMENT UNDER FRCIVP 60(b) AND FOR RECONSIDERATION OF ORDER GRANTING SUMMARY JUDGEMENT UNDER FRVIP 59(e)**<br><br>**Hearing:**<br>Date:  March 19, 2020<br>Time:  10:00 a.m.<br>Place:  Courtroom 4, 17th Floor<br>Judge:  Hon. Vince Chhabria<br><br>**Trial:**<br>Date:  Vacated on Nov 5, 2019<br>Judge:  Hon. Vince Chhabria |

NOTICE OF MOTION AND MOTION FOR ORDER TO ALTER THE JUDGEMENT UNDER F.R.C.P 60(b)
AND FOR RECONSIDERATION OF ORDER GRANTING MSJ UNDER 59(e).
CASE NO. 3:18-CV-01631-VC

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE that on MARCH 19, 2020 AT 10:00AM**, or as soon thereafter as the matter may be heard in Courtroom 4 - 17th Floor 450 Golden Gate Avenue, San Francisco, CA 94102, before Honorable Vince Chhabria, Plaintiff Tri Huynh ("Huynh") will and hereby does move this Court for an order altering and/or vacating the Judgment entered on January 14, 2020 (Dkt. 169) under F.R.C.P 60(b) and reconsideration of the order granting Walmart's motion for summary judgment on January 14, 2020 (Dkt. 167) under F.R.C.P 59(e) with respect to Huynh's claims under the Whistleblower Retaliation in Violation of the Sarbanes-Oxley Act (18 U.S.C. §1514A, et seq.), Wrongful Termination in Violation of Public Policy, and Retaliation in Violation of California Labor Code §1102.5 against Walmart.

Reconsideration is appropriate in this instance because the Court's ruling in granting Walmart's Motion for Summary Judgment with respect to the three claims outlined above was based on manifest errors of law or fact.

The Court erred when it concluded that Huynh failed to produce enough evidence and/or zero evidence to support a prima facie case with respect to Prong #1 (Huynh engaged in protected activity), Prong #4 (the protected activity was a contributing factor or casually connected to the unfavorable action, and to defeat Walmart's affirmative defense by proving that Walmart's legitimate, nonretaliatory reason for Huynh's termination is mere pretext.

Below are three main reasons why the Courting ruling was bases on manifest error of fact.

**First**, the Court found that Huynh didn't engage in protected activity because he failed to proffer enough evidence to prove that he raised his complaint to Seth Beal on 10/4/16 regarding Walmart's unlawful conducts. The Court's finding was erroneous because the Court has omitted undisputable evidence that on 12/20/16 and 1/4/17 Huynh emailed his complaint to Walmart to raise the issues of overcharging seller commission fees, failure to process customer returns, and manipulation and inflation of the total number of SKUs on Marketplace to portray a rosy picture of the state of Walmart's Marketplace. Therefore, the undisputed evidence above proved that Huynh did in fact engage in protected activity.

2

NOTICE OF MOTION AND MOTION FOR ORDER TO ALTER THE JUDGEMENT AND FOR RECONSIDERATION OF ORDER GRANTING MSJ: CASE NO. 3:18-CV-01631-VC

**Second**, the Court ruled that a three-month temporal proximity between his protected activity and the adverse action was not sufficient to prove causation because Walmart's stated reasons for terminating Huynh's employment as part of the layoff are so strong. The ruling was based on manifest error of fact because the Court overlooked the evidence submitted by Huynh to the Court prior to the Court's 1/14/20 ruling.

The evidence below proved that Huynh's protected activity was causally connected to the unfavorable action for three main reasons. A) Seth Beal knew about Huynh's protected activities on 12/20/16 and 1/4/17, B) Walmart provided shifting explanations for Huynh's termination, and C) Walmart's Senior Executives made the decision to fire Huynh within 8.5 hours after Huynh emailed his complaint to Marc Lore on 1/4/17. The evidence proved there was causation between Huynh's protected activity and the adverse action.

Walmart's legitimate, nonretaliatory reason for Huynh's termination is mere pretext because it is unworthy of credence for three salient reasons.

**1**) Walmart hired 10 new FTEs right smack in the middle of the reorganization and the RIF, concealed this fact, and Beal missed the target cost saving of 10% for Marketplace by 22%, **2**) Walmart backdated the creation date of the final Marketplace RIF list that Walmart mailed to impacted Marketplace, and **3**) Walmart made misleading statements to OSHA on 8/31/17 when it claimed that the Market-place RIF list was finalized prior to 12/20/16 when in the fact it was not finalized until 1/18/17.

**Third,** the Court was dead wrong when it ruled that Huynh has produced "zero evidence" of pretext to defeat Walmart's affirmative defense. The robust and overwhelming evidence discussed above proves that Walmart's legitimate and nonretaliatory reason for Huynh's termination is mere pretext.  Huynh has unquestionable defeated Walmart's affirmative defense.

Taken together the evidence discussed above is so strong and powerful that Walmart should be liable for Huynh's claims under the Whistleblower Retaliation in Violation of the Sarbanes-Oxley Act (18 U.S.C. §1514A, et seq.), Retaliation in Violation of California Labor Code §1102.5 as well as the Wrongful Termination in Violation of Public Policy.

3

NOTICE OF MOTION AND MOTION FOR ORDER TO ALTER THE JUDGEMENT AND FOR RECONSIDERATION OF ORDER GRANTING MSJ: CASE NO. 3:18-CV-01631-VC

In conclusion, Huynh respectfully moves the Court to 1) deny Walmart's Motion for Summary Judgement in Dkt. 167, 2) vacate the Court's Judgement in Dkt. 169, 3) grant Huynh's Motion for Summary Judgement sua sponte against Walmart for his three claims, and 4) rule that Walmart is liable for economic and non-economic damages then let this case go to trial so the jury could determine the amount of the damages.

DATED: February 9, 2020        By: _____

                                   Tri M. Huynh

                                   Plaintiff Acting Pro Se